|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENNETH THOMAS,              )
                             )
          Plaintiff,         )          2:08-cv-1718-PMP-PAL
                             )
vs.                          )
                             )          REPORT & RECOMMENDATION
CLARK COUNTY, *et al.*,      )          RE:  PLAINTIFF'S MOTION FOR
                             )          T.R.O. (DOCKET #6)
          Defendants.        )
_____/

This Report and Recommendation is made to the Honorable Philip M. Pro, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Plaintiff, an inmate at the Clark County Detention Center, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket #1). On January 5, 2009, plaintiff filed a motion for a temporary restraining order. (Docket #6). Plaintiff seeks an order from this Court directing defendants, who are correctional officers, to remain 100 feet away from him. (*Id.*, at p. 1).

A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition,

and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). An applicant for a temporary restraining order must meet one of two alternative tests.  The first test requires that a court find (1) the moving party will suffer irreparable injury if the injunctive relief is not granted; (2) there is a substantial likelihood that the moving party will succeed on the merits; (3) in balancing the equities the nonmoving party will not be harmed more than the moving party is helped; and (4) granting injunctive relief is in the public interest. *Martin v. International Olympic Committee,* 740 F.2d 670, 674-75 (9th Cir. 1984).  The alternative test requires the moving party to demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardship tips sharply in his favor.  *Id*. at 675.  The same test applies to the issuance of a preliminary injunction.  *See Stanley v. University of Southern California,* 13 F.3d 1313 (9th Cir. 1994).

In the instant case, plaintiff has alleged in the complaint, among other things, that defendants Paul and an unnamed Doe defendant, who are correctional officers at the Clark County Detention Center, subjected him to excessive force in April of 2008. (Complaint, at p. 8).  In the instant motion for a temporary restraining order, plaintiff reiterates the allegation that the two defendants subjected him to excessive force in April of 2008, nearly one year ago.  (Docket #6, at p. 2).  While plaintiff may state a viable claim for relief, he has certainly not established probable success on the merits.  Plaintiff has not demonstrated that he will suffer future irreparable harm if the instant motion is not granted.  Moreover, given plaintiff's current status as an inmate at the Clark County Detention Center, any problems that he may have with these two correctional officers would be best addressed by filing an institutional grievance with the jail.  On balance, defendants would be harmed more than plaintiff would be helped if the injunction is granted.  Finally, granting plaintiff's motion for a temporary restraining order would not serve the public's interest.  A temporary restraining order is inappropriate, and the undersigned recommends that the motion be denied.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this report and recommendation within ten days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this report and recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the District Judge enter an order **DENYING** plaintiff's motion for a temporary restraining order (Docket #6).

Dated this 14th day of January, 2009.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE